(22 App. Div. 618.)

### BUTTON v. BELDING.

(Supreme Court, Appellate Division, Third Department.  December 7, 1897.)

BILLS AND NOTES—GRACE—STATUTES—OPERATION.

A note dated September 2, 1893, payable two years from date, and indorsed by defendant, was actually made and delivered in April, 1895, to take the place of an unpaid, matured note on which defendant was an indorser, but on which he had not been charged as such.  The note was protested, and demand made of defendant, and notice of dishonor given him, on September 5, 1895.  Laws 1894, c. 607, in force when the note was delivered, provides that on all notes made after the act shall take effect, and which contain no stipulation to the contrary, no grace shall be allowed.  *Held*, there being no equities to prevent it, that the note took effect as of its date, and hence the demand and notice were in time.

Appeal from judgment on report of referee.

Action by Eli Button against Rufus E. Belding.  From a judgment for plaintiff, entered on a referee's report, defendant appeals.  Affirmed.

The action was brought to recover against the defendant as indorser upon a promissory note for $500, dated September 2, 1893, and payable, with interest, two years from date.  The note was protested for nonpayment September 5, 1895, and notice given upon the same day to the defendant.  The note was made in April, 1895, and antedated as of September 2, 1893, because of a former note for the same amount indorsed by the defendant, which fell due upon that date, and was not paid.  The defendant had not been charged as indorser upon the former note.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Robley D. Cook, for appellant.

Henry J. Speck, for respondent.

LANDON, J.  If the present note had days of grace, then payment thereof was properly demanded, and notice of its dishonor given to the defendant, as indorser, September 5, 1895.  The defendant's contention is that as the note was actually made in April, 1895, after chapter 607, Laws 1894, took effect, no grace, according to the custom of merchants, should be allowed thereon, and, therefore, that the notice of dishonor was not duly served upon him.  Although the note had no inception until it was made and delivered, in April, 1895, yet, when it was delivered, it took effect according to its terms and of its date, unless the equities between the parties require that the date of its inception shall prevail.  Here there are no such equities.  The defendant has no equity that the date of the note shall be changed in order to give to him a technical defense which the terms of the note exclude.

As said in Bank v. Davis, 2 Hill, 457:

"The face of the paper should be made to govern the question, rather than the particular character that must be given to it as between the parties by extrinsic evidence.  Every exception made to the general commercial rule concerning negotiable paper, which enters so extensively into the business transactions of the country, is calculated to embarrass its circulation, and endanger its security and usefulness."

The judgment should be affirmed, with costs.  All concur.